## HINSON v. CONNECTICUT GENERAL LIFE INS. CO.

### No. 2681.

Court of Civil Appeals of Texas. Beaumont.
June 13, 1935.

Rehearing Denied June 19, 1935.

Howth, Adams & Hart, of Beaumont, for appellant.

Barnes & Barnes, of Beaumont, for appellee.

O'QUINN, Justice.

Appellant was plaintiff in the court below, and appellee was defendant. We shall refer to them as plaintiff and defendant.

On September 2, 1930, plaintiff, Isaac Hinson, filed this suit against defendant to recover as for total and permanent disability upon a policy of group insurance and individual certificate based upon the group policy. He filed his second amended original petition on July 21, 1933. Pending the suit, Hinson died, and his wife, Mrs. Isaac Hinson, as temporary administratrix, was substituted as sole plaintiff, and on December 12, 1933, she adopted the amended petition as her pleadings. Her prayer was for judgment for $1,250, or, in the alternative, $1,000, with interest, 12 per cent. penalty, and $1,000 as attorney's fees.

The defendant filed its first amended original answer on July 31, 1933, consisting of a general demurrer, numerous special exceptions, general denial, and specially that the policy sought to be enforced provided that in case of loss due proof of same should be made, and that no proof of loss had been made; and numerous other special defenses not believed necessary to state, because of our holding under the facts.

The case was tried to the court aided by a jury, but when the evidence was concluded, the court instructed a verdict for the defendant, which was duly returned

and judgment entered that plaintiff take nothing and defendant recover its costs. Motion for a new trial was overruled, and she brings this appeal.

We shall discuss but one question. If it be conceded that the insurance was issued as alleged by plaintiff, and that Isaac Hinson was an employee of the Gulf Refining Company, whereby he was insured as alleged, and that he received an injury to his tongue in December, 1928, which necessitated an operation in June, 1929, removing a portion of his tongue, and that on April 4, 1930, he received an injury to his back while in the course of his employment, which confined him for a time to his bed, still, under the provisions of the policy that "defendant was obligated to pay to Isaac Hinson said principal amount in the event he became totally and permanently disabled, such condition being confined in said contract as a condition in which the employee, Isaac Hinson, would be unable to pursue any occupation for wages or profit and such disability as would last presumably during the life of said employee" (quoted from appellant's brief), and the facts shown, we do not believe a question for the jury appears.

According to plaintiff's petition, Isaac Hinson ceased to be an employee of the Gulf Refining Company about April 4, 1930. About October 1, 1930, he secured employment with the Central Contracting Company as a pumper at $4.80 per day. While engaged in this work, he got one of his fingers mashed, for which he claimed and received compensation. This was in November, 1930. About January 12, 1931, he secured employment by and began working for Jefferson county, under Commissioner H. O. Mills, as a mechanic, at $3 per day. In February he was raised to $4 per day. He continued in this work until in April, 1931, when his wages were raised to $5.50 per day, and in February, 1932, his pay was increased to $6 per day. He continued to work at this wage until December 6, 1932, when, because of sickness, he ceased to work. These facts appear without dispute, in fact were admitted by plaintiff. It must be remembered that Isaac Hinson ceased working for the Gulf Refining Company on April 4, 1930, when he was laid off. This suit was filed September 2, 1930, alleging total and permanent disability. It remained on the docket without trial until after he ceased

working for Jefferson county, December 6, 1932, and on July 31, 1933, an amended petition was filed still alleging that he had been totally and permanently disabled since April 4, 1930. As above shown, during practically all of the time intervening his ceasing to work for the Gulf Refining Company on April 4, 1930, down to and until December 6, 1932, when he ceased working for Jefferson county, he was working and receiving from $3 to $6 per day, the most of the time receiving more pay than he was getting while working for the Gulf Refining Company, his wage there being $4 per day. The undisputed facts and the admissions of Hinson himself show that he was neither totally nor permanently injured as alleged, and therefore the directed verdict was proper.

The judgment is affirmed.